Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
## Western District of Kentucky
### Bowling Green Division

FILED
JAMES J. VILT, JR. - CLERK
APR 07 2025
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Case No. 1:25-cv-45-GNS
*(to be filled in by the Clerk's Office)*

**LIONEL E. LONG**
*Plaintiff*

-v-

**TRACEY MARQUEZ**, in her official capacity as Fines, Penalties & Forfeitures Officer for United States.

**LAUREN D. POWELL**, in her official capacity as Fines, Penalties & Forfeitures Paralegal for United States.

**CUSTOMS AND BORDER PROTECTION**
*Defendant(s)*

## COMPLAINT FOR RETURN OF PROPERTY AND DECLARATORY AND INJUNCTIVE RELIEF

I. **The Parties to This Complaint**

  A. **The Plaintiff**

  | | |
  |---|---|
  | Name | Lionel E. Long |
  | Street Address | 11 KY 49 |
  | City and County | Liberty, Casey County |
  | State and Zip Code | Kentucky 42539 |
  | Telephone Number | Cell (850) 348-8407 |
  | E-mail Address | lionelelong52@protonmail.com |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B. The Defendant(s)**

Defendant No. 1

| | |
|---|---|
| Name | Tracey Marquez |
| Job or Title (if known) | Fines, Penalties & Forfeitures Officer |
| Street Address | FPF, One East Bay Street |
| City and County | Savannah, Chatham County |
| State and Zip Code | Georgia 31401 |
| Telephone Number | (912) 447-9440 |
| E-mail Address (if known) | sav-fpf@cbp.dhs.gov |

Defendant No. 2

| | |
|---|---|
| Name | Lauren D. Powel |
| Job or Title (if known) | Fines, Penalties & Forfeitures Paralegal |
| Street Address | FPF, One East Bay Street |
| City and County | Savannah, Chatham County |
| State and Zip Code | Georgia 31401 |
| Telephone Number | (912) 447-9440 |
| E-mail Address (if known) | sav-fpf@cbp.dhs.gov |

Defendant No. 3

| | |
|---|---|
| Name | Customs and Border Protection |
| Job or Title (if known) | An Agency of the United States |
| Street Address | FPF, One East Bay Street |
| City and County | Savannah, Chatham County |
| State and Zip Code | Georgia 31401 |
| Telephone Number | (912) 447-9440 |
| E-mail Address (if known) | sav-fpf@cbp.dhs.gov |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction, Standing and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) under the U.S. Constitution, and pursuant to the equitable powers of this Court.

2. The Court is authorized to award the requested declaratory and injunctive relief under 5 U.S.C. §§ 701-706, 28 U.S.C. §§ 1361and 2201-02, the Constitution, and the Court's equitable powers.

3. Venue lies in this district under 28 U.S.C. § 1391(e)(1) because the Defendants are agencies of the United States and officers of the United States in their official capacities and Plaintiff, Lionel E. Long resides in this judicial district.

## III. Statement of Claim

### Factual Background

4. In June of 2024 the Plaintiff imported a Tuk Tuk, a 3 wheeled motorcycle hybrid, from Thailand for use as an attraction at the Plaintiffs authentic Thai Restaurant.

5. The Tuk Tuk was imported through the Port of Savannah in Georgia.

6. The shipping container contained 2 items as represented by the Bill of Lading (see Exhibit A) that accompanied the shipment.

7. Those two items are as follows: 1 Tuk Tuk and 1 Tuk Tuk front body.

8. The Tuk Tuk motorcycle is previously described while the Tuk Tuk front body is a stamped steel front of the vehicle that is best compared to the windshield and front bumper of a standard automobile.

9. The Tuk Tuk front body was to be used to create a unique sign to hang on the front of the restaurant to advertise the business.

10. On July 17, 2024 CBP seized the "1 each Tuk-Tuk" as listed in the Certified notice that was dated July 31. 2024. (see Exhibit B)

11. The July 31, 2024 document did not indicate that the "Tuk Tuk front body" was seized. Nor did the CBP even acknowledge that it was in possession of the 2nd item, until the Certified letter that was received March 26, 2025.

12. CBP alleged violations of the EPA Clean Air Act and DOT Federal Motor Vehicle Standards as its justification for seizure and no justification was provided regarding the refusal to release the Tuk Tuk front body.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

### Defective Notice of Seizure

13. On July 31, 2024, CBP issued a Notice of Seizure to the Plaintiff, identifying the seized property as "1 each Tuk-Tuk" (Exhibit B).

14. The notice failed to list or describe the Tuk Tuk front body, a separate and distinct item from the Tuk Tuk motorcycle, despite CBP having seized it along with the vehicle.

15. This omission violates the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 18 U.S.C. § 983(a)(1)(A)(i), which requires the Notice to include a description of all seized property.

16. CBP lacks power to seize or forfeit property without proper notice. The omission of the Tuk Tuk front body renders the Notice defective under 19 U.S.C. § 1607 and 18 U.S.C. § 983(a)(1), this fatal flaw strips their process of legitimacy.

### Plaintiff's initial Response

17. Within 30 days of receiving the Notice of Seizure, on August 26, 2024, Plaintiff filed a lawsuit in the Casey County Circuit Court to contest the seizure and Ultra Vires act of "taking" the Tuk Tuk front body.

18. The Plaintiff believed that due to the legally questionable disposition of the Tuk Tuk front body the CBP official were acting outside of the protections provided by their employment with the federal government and this fact subjected them the the jurisdiction of the state Court.

19. A plaintiff may "institute a non-statutory review action" against an official "for allegedly exceeding his statutory authority." Chamber of Com. V. Reich, 74 F .3d 1322, 1327-28 (D.C. Cir. 1996).

20. An act is ultra vires if it is "without any authority whatsoever" or is "made without any colorable basis for authority." Danos v. Jones, 652 F .3d 577, 583 (5th Cir. 2011).

21. Due to the lack of response from CBP to the State Court proceedings the Plaintiff acquired a valid Court order commanding return of the Tuk Tuk that was seized and the return of the item that was not acknowledged in the seizure paperwork, the Tuk Tuk front body.

22. On September 30, 2024 the plaintiff traveled from Liberty, Kentucky to the Port of Savannah, Georgia with a truck and a trailer to claim the Tuk Tuk and the Tuk Tuk front body, in accordance with the state court order.

23. CBP officials refused to comply with the court order when the Plaintiff arrived to the CBP facility at the Port and demanded compliance with the Court order.

24. The Plaintiff acted in an aggressive manner that surpassed the diligent standard to protect his property rights based on the information provided in the CBP's defective notice. Justice demands the Court should toll the claim deadline.

### Removal and Dismissal

25. On or about October 22, 2024, CBP removed the state lawsuit to the U.S. District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1446, as the case involved a federal agency.

26. On February 24, 2025, the Court dismissed the action without prejudice due to lack of subject matter jurisdiction over the dispute.

27. Plaintiff incorrectly believed that the incomplete notice allowed for legal action at the state court level.

### CBP acknowledgement of Possession

28. On April 4, 2025, the Plaintiff received a certified letter dated March 26, 2025 via USPS indicating that the CBP had seized the Tuk Tuk front body. (Exhibit C)

29. After almost 7 months of requests, a demand letter, an order from a state Court signed by the state Judge and and attempted settlement offer via an "Offer in Compromise," that was declined. CBP has finally acknowledged that they are in possession of the Tuk Tuk front body.

### Ongoing Retention and Harm

30. As of April 4, 2025, CBP continues to retain the TukTuk, including the Tuk Tuk front body, or has administratively forfeited it without proper notice.

31. Plaintiff suffers irreparable harm from this deprivation, including financial hardship due to inability to install signage that properly advertises the business, and loss of transportation for customers looking for a unique experience from an authentic Thai Tuk Tuk.

32. Disappointment of customers will result in low repeat visits and significantly damage the income generating potential of the business.

33. The TukTuk's specialized nature and the front body's integral role mean monetary damages cannot fully compensate Plaintiff, necessitating its immediate return.

## IV.     Claims for Relief

### Count 1
### Violation of CAFRA (18 U.S.C. § 983)

34. CBP's Notice of Seizure fails to comply with 18 U.S.C. § 983(a)(1)(A)(i), which mandates a complete description of seized property.

35. By omitting the front body, CBP rendered the Notice defective, undermining the administrative forfeiture process under 19 U.S.C. § 1607 and any subsequent judicial forfeiture attempt. This violation, consistent with Kaur v. U.S. Customs Service (E.D. Cal., 2016), warrants the return of the TukTuk and the Tuk Tuk front body.

### Count 2
### Unreasonable Seizure Due to Lack of Probable Cause (FourthAmendment)

36. CBP's failure to list the front body in the Notice of Seizure implies no specific justification existed for its seizure. Taking property without probable cause, or without articulating it, violates the Fourth Amendment, United States v. Place, 462 U.S. 696 (1983).

37. Reasonableness includes accountability, CBP must document what they seize and why. Failing to list the Tuk Tuk front body hides the basis (if any basis exists) preventing the Plaintiff from challenging its legality and shields CBP's actions from review violating the Plaintiff's right to contest an unreasonable taking, Herrera v. U.S. Customs service, S.D. Fla 2018.

### Count 3
### Violation of Due Process (Fifth Amendment)

38. The omission of the front body from the Notice deprived Plaintiff of constitutionally adequate notice and a meaningful opportunity to contest the seizure, violating the Fifth Amendment. Under Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), and Dusenbery v. United States, 534 U.S. 161 (2002), notice must be reasonably calculated to inform. CBP's failure to list all seized property falls short, rendering their retention unlawful.

### Count 4
### Equitable Tolling of Administrative Deadlines

39. Plaintiff's failure to file a verified claim with CBP within 30 days is excused by equitable tolling. Plaintiff's state court filing on August 26, 2024, within the claim period, demonstrates diligence. CBP's defective Notice misled Plaintiff into pursuing an incorrect legal remedy, justifying relief under Holland v. Florida, 560 U.S. 631 (2010). The Court should toll the claim deadline and adjudicate this dispute on the merits.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V.  Request for Relief

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Issue a preliminary injunction under Federal Rule of Civil Procedure 65, ordering CBP to immediately return the Tuk Tuk, including the Tuk Tuk front body, to Plaintiff within 7 calendar days of the Court's order, pending resolution of this case.

2. Issue a Temporary Restraining Order (TRO) under Fed. R. Civ. P. 65(b), enjoining CBP from forfeiting, selling, or otherwise disposing of the Tuk Tuk and the Tuk Tuk front body until a preliminary injunction hearing.

3. Enter a final judgment ordering CBP to permanently return the Tuk Tuk including the Tuk Tuk front body, to Plaintiff, free of any liens or conditions, upon resolution of this case.

4. Declare that CBP's seizure and retention of the Tuk Tuk, including the unlisted Tuk Tuk front body, violate:

    - The Civil Asset Forfeiture Reform Act (18 U.S.C. § 983), due to the incomplete notice

    - The Fourth Amendment, due to an unreasonable seizure lacking probable cause.

    - The Fifth Amendment, due to inadequate notice denying Plaintiff a meaningful opportunity to contest.

5. If CBP has administratively forfeited the Tuk Tuk, set aside the forfeiture as void due to the defective notice of Seizure, restoring Plaintiff's title to the property.

6. Award Plaintiff monetary damages for any loss, damage , or depreciation to the Tuk Tuk and the Tuk Tuk front body while in CBP's custody, to the extent permitted by law under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), if negligence applies, or equitable relief.

7. Award Plaintiff interest on the value of the Tuk Tuk and Tuk Tuk front body from the date of seizure June 27, 2024 to the date of return, as provided under 18 U.S.C. § 983(a)(3)(B) or equitable principles.

8. Award Plaintiff reasonable attorney's fees, litigation costs, and expenses under 18 U.S.C. § 983(b) (CAFRA) or the Equal Access to Justice Act, 28 U.S.C. § 2412.

9. Grant such further relief as the Court deems just and proper, including any additional equitable remedies under its inherent authority to correct CBP's ultra vires actions.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 7, 2025

Signature of Plaintiff: /s/ LeLong

Printed Name of Plaintiff: LIONEL E. LONG